IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AURELIUSE H. PIPER #N92986,   )
                              )
            Plaintiff,        )
                              )
     v.                       )     No.  10 C 5806
                              )
DR. PARTHA GHOSH, et al.,     )
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

After this Court was assigned the pro se action instituted by Aureliuse Piper ("Piper"), in which he seeks to invoke 42 U.S.C. §1983 against a number of defendants, it followed its regular practice of appointing pro bono counsel in any such prisoner action that appears nonfrivolous. Appointed counsel conscientiously looked into the matter and reported at today's status hearing that Piper had previously accumulated three "strikes" that brought him within the provisions of 28 U.S.C. §1915(g)[1]--indeed, fully nine years ago Judge Harold Baker expressly so found in Case No. 00 CV 2213-HAB-DGB in the Central District of Illinois.

Needless to say, that information is particularly disturbing because Piper's Complaint ¶III, which calls for a plaintiff to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States"

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

(capitalization in original) makes no mention at all of the case in which Judge Baker made his finding, or indeed of any other case in which Piper had earlier accumulated <u>any</u> of the three strikes. Instead Piper listed only two cases that he had ever filed: a different and later lawsuit before Judge Baker that Piper describes as having been disposed of by "settlement" and one other lawsuit in the State of Missouri that Piper says was filed "between 90-92."

That kind of misrepresentation, which seeks to take advantage of the special solicitude that Section 1915 provides for prisoners by establishing what is typically a long-range installment basis for payment of the filing fee, cannot be tolerated. And although Piper's grievances set out in the Complaint do relate to the assertedly inadequate provision of medical care and treatment, they do not reflect that "the prisoner is under imminent danger of serious physical injury," which Section 1915(g) makes an exception to the three-strike rule.

Accordingly this Court vacates its prior grant of Piper's application to proceed in forma pauperis under the statutory installment plan. And in light of what must be regarded as his deliberate misrepresentation, this action is dismissed for nonpayment of the full filing fee that Section 1915(g) calls for. Piper is advised that Fed. R. Civ. P. 59(e) now provides a 28-day

period after the entry of the judgment of dismissal within which he may file a "motion to alter or amend" the judgment--and if he were to file such a motion with appropriate support, this Court would give it full consideration.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  December 9, 2010