IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AURELIUSE H. PIPER #N92986,  )
                              )
        Plaintiff,             )
                              )
   v.                          )    No. 10 C 5806
                              )
DR. PARTHA GHOSH, et al.,     )
                              )
        Defendants.            )

MEMORANDUM OPINION AND ORDER

On December 9, 2010 this Court vacated its prior grant of the application by Aureliuse Piper ("Piper") to proceed in forma pauperis under the statutory payment plan established by 28 U.S.C. §1915.[1] That vacatur was based on a finding that Piper had previously accumulated three "strikes"--a fact that he did not set out in his Complaint and that was discovered only after appointed counsel had conducted an investigation. Piper's lawsuit, which asserted the inadequate provision of medical care, was consequently dismissed for nonpayment of the full filing fee.

In its dismissal order this Court advised Piper that he had 28 days within which to file a "motion to alter or amend" the judgment pursuant to Fed. R. Civ. P. ("Rule") 59(e). Piper then responded by filing two motions, respectively entitled "Motion To Reconsider or Alter Memorandum Opinion and Order" and "Motion To

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Amend Under Imminent Danger of Serious Physical Injury."[2]

Although Piper does not specify the rule under which he is proceeding, the filings will be treated as motions to amend under Rule 59(e), rather than as motions for relief from judgment under Rule 60, which is really not relevant here. Piper has also presented an Amended Complaint containing a plethora of medical documents, which this Court will treat as informing his other motions to amend the judgment.

Piper's first motion--the motion to "reconsider or alter"--is basically an explanation of why he did not disclose the earlier lawsuits that he had filed while incarcerated. Even on Piper's contention that the omission was made in good faith, that is not a ground to alter the judgment because Section 1915(g)'s operation has nothing to do with a prisoner's candor or accuracy in disclosing prior lawsuits. Section 1915(g) contains only one exception--if "the prisoner is under imminent danger of serious physical injury"--and that subject is addressed in Piper's other motion.

Although this Court is not unsympathetic to Piper's medical needs, and although it will regard them as sufficiently "serious" to invoke Estelle v. Gamble consideration, it cannot fairly be

---

[2] It appears from the electronic docket that the Clerk's Office received Piper's filings on January 7, 2011--29 rather than 28 days after the December 9, 2010 dismissal. That poses no problem, given the existence of the familiar "mailbox rule."

2

said that the more demanding standard of "under imminent danger of serious physical injury" has been met here.[3] Instead, with Piper's complaints taken at face value, he suffers from chronic lower back pain for which he has been and is receiving almost constant medical treatment from prison doctors and medical staff.

Thus in 2006 doctors performed an MRI on Piper's lower back that revealed a bulging disc, and since that time he has been prescribed pain relievers, muscle relaxers and physical therapy. In 2010 alone Piper saw prison doctors at least four times, and he often visited the medical unit numerous times per week. As recently as October 2010 a doctor ordered another MRI for Piper's back.

In short, there is nothing "imminent" about Piper's potential for back injury. To the contrary, the injury has already happened, the prison medical staff is apprised of it and Piper is undergoing treatment. Thus Piper's situation is much like that presented in Ciarpaglini, where the court held that Estelle's deliberate-indifference test had been flunked.

Piper advances various other conclusory claims, none of

---

[3] Our Court of Appeals has not formulated a definitive set of rules as to when Section 1915(g)'s imminent-danger exception is satisfied (see Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)). And the absence of legislative history accompanying the Prison Litigation Reform Act, of which Section 1915(g) is a part (see McCoy v. Gilbert, 270 F.3d 503, 510 n.4 (7th Cir. 2001)), means that district courts have little other than the statutory language itself to guide their application of the exception.

which meets the imminent-danger exception either.  Thus he complains of stomach and bowel trouble, but he concedes that prison doctors have examined him numerous times and provided him with medication.  Piper also would like an asthma inhaler, even though prison doctors have determined that he is not asthmatic.  And he makes much of the fact that prison authorities could not locate his medical records from August 2009 to July 2010--two months before he filed this suit.  That is a nonissue, because three-strikes plaintiffs may not rely on past injuries to satisfy the imminent-danger exception (Ciarpaglini, 352 F.3d at 331).

In sum, the existence of medical needs (even serious ones) does not automatically satisfy the imminent-danger exception.  Piper's back injury predated his lawsuit by several years, and its chronic nature and ongoing treatment demonstrate that there is no "genuine emergenc[y], where time is pressing and a threat...is real and proximate" (Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)(per curiam)(internal quotation marks omitted)).  Piper's motions to alter this Court's December 9 order that vacated the grant of in forma pauperis status and dismissed the action for nonpayment of the full filing fee are therefore denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 7, 2011